(Not for Publication)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____ :
                                  :
RAYMOND CHAMBERS,                 :
                                  :
            Plaintiff,            :     Civil No. 04-583 (RBK)
                                  :
        v.                        :     **OPINION**
                                  :
HEIDELBERG USA, INC.,             :
                                  :
            Defendant.            :
_____ :

**KUGLER**, United States District Judge:

Presently before the Court is a motion by plaintiff Raymond Chambers ("Chambers") for an extension of the time to file notice of appeal pursuant to Fed. R. App. P. 4.[1]  For the reasons set forth below, this Court will deny Chambers's motion.

**I. BACKGROUND**

On May 5, 2006, this Court entered an Opinion and Order granting a motion for summary judgment by defendant Heidelberg USA, Inc. ("HUSA"), thereby dismissing Chambers's Complaint with prejudice.  This Court's docket reflects that the Opinion and notice of case closure were filed electronically using the Case Management/Electronic Case Filing ("CM/ECF")

---

[1] As the time to file an appeal has already lapsed, Chambers's motion is more properly described as one to reopen the time to file an appeal.

system on May 8, 2006, and were electronically mailed to William B. Hildebrand ("Hildebrand"), counsel of record for Chambers, and Robert B. Nussbaum ("Nussbaum"), counsel of record for HUSA, on that same day.

Over two months later, on July 19, 2006, Hildebrand contacted Nussbaum in writing, stating that he had "just learned TODAY that this case had been dismissed by Judge Kugler on 5/5/06." (Def.'s Br. Nussbaum Cert. Ex. A.) He also requested that Nussbaum forward him a copy of the electronic notices that were sent by the court on May 8, 2006. Nussbaum responded in kind on July 20, 2006. On the same day, Hildebrand acknowledged receipt of copies of the electronic notices received from Nussbaum, and further noted that the Management Information Systems Director for the District of New Jersey confirmed that Hildebrand was not in receipt of any electronic notices on that date.

Subsequently, on August 24, 2006, Chambers filed the instant motion, seeking an extension of time to file an appeal pursuant to Fed. R. App. P. 4.[2] HUSA opposes this motion on the grounds that it is untimely under Fed. R. App. P. 4(a)(6).[3]

## II. DISCUSSION

---

[2] This motion was filed with this Court and hand-signed by Sandra D. Frelix ("Frelix"), who was admitted pro hac vice as co-counsel for Chambers. Hildebrand's signature is included in typed form as "/s/ William B. Hildebrand." By way of a letter dated August 29, 2006, Hildebrand notified the Court he did not consent to the filing of this motion. Hildebrand later asked to withdraw as local counsel, and was granted such on November 29, 2006. This Court is presently conducting an inquiry into the propriety of Frelix's alleged actions.

[3] In its opposition brief, HUSA further requests that this Court award HUSA costs and attorney's fees. As HUSA has not formally moved for this relief, however, this Court will deny HUSA's request.

Within the Third Circuit, it is well-established that "the timeliness of an appeal is a mandatory jurisdictional prerequisite." <u>Poole v. Fam. Ct. of New Castle County</u>, 368 F.3d 263, 264 (3d Cir. 2004).  Generally, notice of an appeal must be filed within 30 days after the judgment or order being appealed is entered. Fed. R. App. P. 4(a)(1)(A).  Although the Clerk is obligated to serve parties with notice of judgments and orders, "lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure." Fed. R. Civ. P. 77(d).  The Clerk's service of final orders is governed by Fed. R. Civ. P. 5(b)(2)(D), which permits delivering a copy by electronic means to the attorney, stating further: "Service by electronic means is complete on transmission."  Thus, when the Clerk electronically transmits a document to an e-filing attorney, the service of that document is complete.  The rule further provides, however, that "[s]ervice by electronic means under Rule 5(b)(2)(D) is not effective if the party making service learns that the attempted service did not reach the person to be served." Fed. R. Civ. P. 5(b)(3).

Prior to 1991, neither the Federal Rules of Civil Procedure nor the Federal Rules of Appellate Procedure contained provisions permitting an extension of the time limit for filing an appeal when a party entitled to receive notice of the entry of judgment or order failed to receive such notice.  In 1991, however, Federal Rule of Appellate Procedure 4(a) was amended to include subsection (6), which provides limited opportunity to reopen the time to appeal and subsequently "balances the inequity of foreclosing appeals by parties who do not receive actual notice of a dispositive order against the need to protect the finality of judgments." <u>Vencor Hosp., Inc. v. Standard Life and Accident Insur. Co.</u>, 279 F.3d 1306, 1310 (11th Cir. 2002).

The additional time to appeal permitted under Rule 4(a)(6), however, is not unlimited, as the rule specifically states:

> Reopening the Time to File an Appeal. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all of the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of a judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). Accordingly, a party who has failed to receive the proper notice within 21 days of the order has, at most, 180 days to submit a motion to reopen the time period for filing an appeal. If this party later receives notice of the entry, however, then the moving party's time is limited to seven days from the time that notice was received. Fed. R. App. P. 4(a)(6).

For purposes of this motion, this Court will accept Chambers's assertion that neither he nor his counsel received actual notice of this Court's May 5, 2006 Order until approximately July 19, 2006, over two months after the decision was entered on the docket. As such, Chambers meets the requirement set forth in subsection (A) of Rule 4(a)(6).

However, Chambers is unable to meet the requirement set forth in subsection (B), as Hildebrand received on July 20, 2006, pursuant to Fed. R. Civ. P. 77(d), the requisite notice of the entry of the order sought to be appealed, when Nussbaum forwarded to Hildebrand copies of

the notice that he had received from the Clerk on May 5, 2006.[4] Accordingly, the time that Chambers had to bring his appeal was limited to seven days from the time that he received notice on July 20, 2006. Therefore, since Chambers did not file this motion until August 24, 2006, some 35 days after Hildebrand received the aforementioned notice from Nussbaum, Chambers does not meet the requirement set forth in subsection B of Rule 4(a)(6).

## III. CONCLUSION

While it is regrettable that two months had passed before Chambers's counsel received notice of this Court's May 5, 2006 Order granting HUSA summary judgment, Rule 4(a)(6) sets forth the guidelines by which Chambers and his counsel may have preserved Chambers's ability to appeal. Finding that these guidelines were not met, however, this Court must subsequently

---

[4]Rule 77(d) specifically provides, in pertinent part:

> Notice of Orders or Judgments. Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry in the manner provided for in Rule 5(b) upon each party who is not in default for failure to appear, and shall make a note in the docket of the service. *Any party* may in addition serve a notice of such entry in the manner provided in Rule 5(b) for the service of papers.

Fed. R. Civ. P. 77(d) (emphasis added).

Moreover, Rule 5(b) allows for service to be made by "[d]elivering a copy by any other means, including electronic means, consented to in writing by the person served." As Nussbaum sent copies of the notices of electronic filing to Hildebrand via telecopier on July 20, 2006 (Def.'s Br. Nussbaum Cert. Ex. B) pursuant to Hildebrand's request to be sent such notices (Def.'s Br. Nussbaum Cert. Ex. A), and Hildebrand replied to Nussbaum that same day, indicating that such Nussbaum's transmission was adequate, this Court will consider Hildebrand to have adequately consented to this means of service and thus deem such service to have been effective on July 20, 2006.

deny Chambers's motion to reopen the time to file an appeal. Therefore, based on the foregoing reasons, this Court will deny Chambers's motion. The accompanying Order shall issue today.


Dated: <u>February 5, 2007</u>          <u>s/ Robert B. Kugler</u>
                                                                              ROBERT B. KUGLER
                                                                              United States District Judge