(Not for Publication)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____
                                           :

RAYMOND CHAMBERS,                :
                                           :

                Plaintiff,        :       Civil No. 04-583 (RBK)
                                           :

                v.                :       **OPINION**
                                         :

HEIDELBERG, USA, INC.,         :
                                           :

                Defendant.     :
_____ :

**KUGLER**, United States District Judge:

      This matter comes before the Court on its own motion, commencing with an August 29, 2006 letter to the Court by William Hildebrand, Esq. ("Hildebrand"), local counsel for plaintiff Raymond Chambers ("Plaintiff") in a matter involving claims of employment discrimination, alleging a potential ethical violation by Sandra Frelix, Esq. ("Frelix"), co-counsel to Hildebrand and admitted to this Court pro hac vice.  For the reasons set forth below, this Court will revoke Frelix's pro hac vice admission and notify all jurisdictions in which Frelix is admitted to practice of her conduct before this Court.

## I.  BACKGROUND

      On May 5, 2006, this Court entered an Opinion and Order granting a motion for summary judgment by defendant Heidelberg USA, Inc., thereby dismissing Plaintiff's Complaint with

prejudice.  On August 24, 2006, a motion for an extension of time to file an appeal was filed by

Plaintiff.  The motion was hand-signed by Frelix and included an "/s/" electronic signature for

Hildebrand.  On August 29, 2006, this Court received a letter from Hildebrand, informing the

Court that he had been on vacation the prior week and returned to find that a motion purporting

to bear his electronic signature had been filed.  Hildebrand stated that he did not file these

documents; rather, they were filed by Frelix without Hildebrand's "knowledge, consent,

authorization, or approval."  On September 26, 2006, this Court held a hearing on an Order to

Show Cause why Frelix should not face sanctions, including a revocation of her pro hac vice

admission, for her conduct.  On November 29, 2006, United States Magistrate Judge Joel

Schneider granted Hildebrand's motion to withdraw as local counsel, and on February 5, 2007,

this Court denied Plaintiff's motion for an extension of time to file an appeal.


II.    STANDARD

        The Third Circuit has stated that "a district court has inherent authority to impose

sanctions upon those who would abuse the judicial process."  Republic of the Philippines v.

Westinghouse Electric Corp., 43 F.3d 65, 73 (3d Cir. 1994) (emphasis in original).  When

imposing sanctions, "a district court must ensure that there is an adequate factual predicate for

flexing its substantial muscle under its inherent powers, and must also ensure that the sanction is

tailored to address the harm identified."  Id. at 74.  "First, the court must consider the conduct at

issue and explain why the conduct warrants sanction.  If an attorney, rather than a client, is at

fault, the sanction should ordinarily target the culpable attorney."  Id.  "Second, having evaluated

the conduct at issue, the district court must specifically consider the range of permissible

sanctions and explain why less severe alternatives to the sanction imposed are inadequate or inappropriate." Id.

## III.   DISCUSSION

A.   The September 26, 2006 Hearing

On September 26, 2006, this Court held a hearing on its Order to Show Cause, where it heard testimony from Hildebrand, Frelix, and Plaintiff.  Hildebrand and Frelix stated that their failure to file a timely notice of appeal resulted from a failure of the Court's electronic filing system to notify Hildebrand of this Court's May 5, 2006 Order dismissing Plaintiff's case.

Hildebrand repeated to this Court the substance of his letter, specifically stating that Frelix had filed the motion and placed Hildebrand's electronic signature on the papers without his consent.  This Court subsequently asked Frelix to explain her conduct.  Frelix stated that she had first been made aware of this Court's May 5, 2006 Order on July 19, 2006, when Plaintiff had called Frelix to tell her that Plaintiff had gone to the Clerk's office to inquire as to the status of his case and was told that the case was closed.  Frelix said that she called Hildebrand that day to inform him of the situation.  Frelix said that between July 19, 2006 and August 23, 2006, she attempted to ascertain from Plaintiff whether he wanted to attempt to proceed with an appeal. She claimed that she finally obtained authorization from Plaintiff on August 23, 2006, and filed the motion to extend the time to appeal the next day.

Specifically, Frelix told this Court that between July 19 and August 23, she attempted to contact Plaintiff at least twice a week, stating that she left messages on Plaintiff's home answering machine (Sept. 26, 2006 Tr. at 11-12.)  Frelix stated that she did not write any letters

3

to Plaintiff nor was she in contact with Hildebrand during this five-week period.  (Sept. 26, 2006 Tr. at 14.)  Frelix stated that once Plaintiff stated on August 23, 2006 that he wanted to proceed, Frelix attempted to call Hildebrand at his office, beginning that evening sometime before 5:00 p.m.  Frelix stated that nobody answered the phone and that she did not leave a message.  (Sept. 26, 2006 Tr. at 14-15.)  Frelix stated that she then tried to call Hildebrand again the next day, while she was on her way to the Courthouse, and again was unable to reach Hildebrand (Sept. 26, 2006 Tr. at 16-17.)  Frelix stated that the calls on August 23rd and August 24th were placed from her cellular phone.  (Sept. 26, 2006 Tr. at 17.)

This Court asked Frelix if she was aware of the rule requiring that local counsel sign all papers filed with the Court, to which she replied in the affirmative.  (Sept. 26, 2006 Tr. at 18.)  Frelix explained her conduct by stating that there were time pressures and that Plaintiff wanted to have the motion filed as soon as possible, as he would be leaving town soon and wanted to have the papers filed before he left.

B.    Analysis

The Local Civil Rules for this Court state that "[o]nly an attorney at law of this Court may file papers, enter appearances for parties, sign stipulations, or sign and receive payments on judgments, decrees or orders."  L. Civ. R. 101.1(c)(4).  Moreover, [i]t is professional misconduct for a lawyer to . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation."  N.J. R.P.C. 8.4(c).[1]  Furthermore, "[a] lawyer admitted pro hac vice is within the disciplinary

---

[1]  "The Rules of Professional Conduct of the American Bar Association as revised by the New Jersey Supreme Court shall govern the conduct of the members of the bar admitted to practice in this Court, subject to such modifications as may be required or permitted by federal statute, regulation, court rule or decision of law."  L. Civ. R. 103.1(a).

jurisdiction of this Court." L. Civ. R. 101.1(c)(5). <u>See also</u> L. Civ. R. 104.1(h) ("Whenever an attorney applies to be admitted or is admitted to practice before this Court for purposes of a particular proceeding (<u>pro hac vice</u>), the attorney shall be deemed thereby to have conferred disciplinary jurisdiction upon this Court for any alleged misconduct of that attorney arising in the course of or in the preparation for such proceeding.")

In the matter currently pending before the Court, it is clear that Frelix engaged in a misrepresentation when, without Hildebrand's knowledge or consent, she attached Hildebrand's electronic signature to her motion to extend the time to file an appeal. This Court is additionally troubled by the fact that Frelix's conduct was specifically intended to mislead this Court into believing that the requirements of L. Civ. R. 101.1(c)(4) had been met, when in fact they had not.

Further disturbing is that this Court's review of Frelix's telephone records for both her home telephone and her cellular telephone reveal no phone calls connecting to Hildebrand's office on either August 23, 2006 or August 24, 2006. Following the hearing, this Court issued an Order on September 26, 2006 that Frelix provide this Court with her cellular and home telephone records for the months of May, June, July, and August of 2006. On October 20, 2006, this Court subsequently ordered Verizon Communications, Inc. to produce certain records that Frelix was unable to obtain on her own. Frelix's home records show numerous calls to Plaintiff's home and cellular numbers on August 22, 2006 and one call to Plaintiff on August 23, 2006. Frelix's cellular records show numerous calls to Plaintiff on August 23, 2006 and one call to this Courthouse on August 23, 2006, at 4:10 p.m., which was made while Frelix was in the southern New Jersey area. As for calls to Hildebrand's office, Frelix's cell phone records show no calls being connected at any time in August of 2006, and her home records for the month of August

2006 show calls to Hildebrand's office being connected only on August 1, 2006 and August 29, 2006.  In short, Frelix's phone records do not support her testimony before this Court at the September 26, 2006 hearing.

      C.    <u>Appropriate Sanction</u>

At the September 26, 2006 hearing, this Court provided Frelix with the opportunity to respond to whether she committed misconduct by filing a motion with Hildebrand's electronic signature without his consent.[2]  Frelix did not deny her conduct, and this Court finds her explanations for her conduct to be unsatisfactory.  Furthermore, this Court is unconvinced as to the veracity of Frelix's testimony regarding her efforts to contact Hildebrand prior to filing the motion.

Based on these findings, this Court finds Frelix, by having placed Hildebrand's electronic signature on papers filed with this Court without Hildebrand's knowledge or consent, to have violated R.P.C. 8.4(c).  This Court further finds that Frelix's conduct warrants sanction, as she acknowledges conduct that fails to comport with the Rules of Professional Conduct and proffers no reason that this Court finds acceptable for having done so.  Furthermore, this Court finds that revocation of Frelix's <u>pro hac vice</u> admission is an appropriate sanction.  <u>See</u> <u>In re PMD Enterprises</u>, 215 F. Supp. 2d 519, 531 (D.N.J. 2002) ("Admission <u>pro hac vice</u> is a privilege, and as such, the privilege may be revoked as a sanction for unethical behavior."); <u>see also</u> <u>Johnson v. Trueblood</u>, 629 F.2d 302, 304 (3d Cir. 1980) ("At a minimum, a violation of any disciplinary standard applicable to members of the bar of the court would justify revocation of <u>pro hac vice</u>

---

    [2]  <u>See</u> <u>Johnson v. Trueblood</u>, 629 F.2d 302, 303 (3d Cir. 1980) ("[S]ome type of notice and an opportunity to respond are necessary when a district court seeks to revoke an attorney's <u>pro hac vice</u> status.").

status.").  As such, this Court finds that there is no lesser appropriate sanction for Frelix's

conduct.  Finally, this Court notes that whether Frelix is subject to further professional discipline

is a matter best left to the authorities in jurisdictions where Frelix is admitted.  See Eagan v.

Jackson, 855 F. Supp. 765 (E.D. Pa. 1994) ("Though the Court finds that his conduct rose to a

level that may be considered a breach of the Rules of Professional Conduct, it is not this Court's

function to adjudge whether or not [counsel's] conduct should result in some manner of

professional discipline. That determination is properly reserved to the appropriate disciplinary

body.").


## IV.    CONCLUSION

Based on the foregoing reasoning, this Court will revoke Frelix's pro hac vice admission

to this Court and notify all jurisdictions in which Frelix is admitted to practice of her conduct

before this Court.  The accompanying Order shall issue today.


Dated: May 25, 2007                              s/ Robert B. Kugler
                                                 ROBERT B. KUGLER
                                                 United States District Judge