IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE
HONORABLE ROBERT B. KUGLER

| | | |
|---|---|---|
| RAYMOND CHAMBERS, | : | |
| Plaintiff(s), | : | |
| v. | : | Civil No. 04-583(RBK) |
| HEIDELBERG U.S., et al. | : | |
| Defendant(s). | : | |

## O P I N I O N

    Before the court is the Motion and Notice of Motion For Extension of Time to File Notice of Appeal, filed by Sandra D. Frelix, Esq., of the New York Bar. This appeal is directed at this court's Order entered on May 29, 2007, which revoked the pro hac vice admission of Frelix (for the reasons expressed in an Opinion entered the same date). Frelix attempted to file a Notice of Appeal on June 29, 2007, which is more than thirty days after May 29, 2007. F.R.App.P. 4(a)(1).

    In an "Affirmation" filed with the Motion, Frelix contends she received no notice of the revocation, ¶3, was never given a chance to respond to the revocation, ¶4, had she received notice "the appeal would have been timely," ¶5, she "took some time off and was unaware of the revocation," ¶8, "worked earnestly to meet the 30 day deadline," ¶9, but "was late in filing the notice of appeal by one day." ¶10.

    This court is deeply troubled by some of these assertions. Frelix was in fact informed of the potential revocation of her pro hac vice status. By Order of September 5, 2006, the court notified Frelix it was considering such a revocation. She was directed to appear in court on September 26, 2006, along with others to explain certain averments made by New Jersey counsel.

The Court held a hearing on that date. Frelix and others testified under oath.

At the conclusion of the hearing, the court ordered Frelix (and others) to produce certain records. She complied with the telephone records she said she had in her possession. The court, by Order of October 20, 2006, secured other telephone records from Verizon Communications, Inc. When the court finally had all the records, the court entered the Order she now seeks to appeal from. Thus, Frelix not only knew from early September of 2006, the court was considering revocation, she also had ample opportunity to respond and present all her evidence.

It is unclear when Frelix learned of the court's May 29, 2007, Order, for the Affirmation doesn't fix a date. But this court assumes it was within the 30 day window of opportunity provided by F.R.App.P. 4(a)(1) for in paragraph 9 of her affirmation, she claims to have worked earnestly to "meet the 30 day deadline." One wouldn't work earnestly to meet a deadline that already passed.

In any event, F.R.App.P. 4(a)(5)(A)(ii) requires that she show "excusable neglect or good cause." She demonstrates neither. On the record before this court, there simply was nothing that hindered or prevented her from filing a timely appeal. Nor is her excuse of no notice of the potential revocation of pro hac vice status either accurate or availing.

Accordingly, the "Motion and Notice of Motion for Extension of Time to File Notice of Appeal" is **DENIED**. An appropriate Order will enter.

       s/Robert B. Kugler
       ROBERT B. KUGLER
       United States District Judge

Dated: September 19, 2007